IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD HOWARD, 21984-077,<br>    Petitioner, | )<br>)<br>) |
| v. | )  3:07-CV-1077-G<br>)  ECF |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal pre-trial detainee pursuant to 28 U.S.C. § 2241.

Parties: At the time of filing this habeas action, Petitioner was confined at FCI Seagoville in Seagoville, Texas. He is presently confined within the Western District of Kentucky, awaiting trial in his federal criminal case pending in that district. *See United States v. Howard*, 3:06cr0003(01) (W.D. Ky, Louisville Div.). The Court issued process in this case.

Findings and Conclusions: Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. This Court is obliged to raise the subject of mootness sua sponte. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987); *Donovan v. Air Transport District Lodge No. 146,* 754 F.2d 621, 624 (5th Cir. 1985).

The gravamen of the habeas corpus petition, filed in June 2007, is that Petitioner was unlawfully detained, that he had not been informed of the charges pending against him, that he had not been brought before a judge, and that he had been denied the right to counsel and to a speedy trial.

As reflected in the Government's response, Petitioner was indicted in the Western District of Kentucky in January 2006, and then released on a pre-trial bond. *See United States v. Howard*, 3:06cr0003(01) (W.D. Ky, Louisville Div.). Without seeking permission Petitioner traveled to Dallas, Texas, where he was arrested in March 2007 on the basis of a warrant from the Western District of Kentucky. *United States v. Ronald D. Howard*, 3:07mc299(01) (N.D. Tex., Dallas Div.). Following an initial appearance and a detention hearing on July 3 and 6, 2007, Petitioner was appointed counsel and ordered removed to the Western District of Kentucky, where he is presently confined awaiting trial. *See id.*; *United States v. Howard*, 3:06cr0003(01) (W.D. Ky, Louisville Div.).

The above hearings render moot the relief sought in the habeas corpus petition. *See Bailey*, 821 F.2d at 278-79. Dismissal of the petition as moot is therefore appropriate. *See McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir.1978).[1]

---

[1] Any claims related to the alleged denial of a speedy trial may be presented to the Kentucky U.S. District Court in which his criminal charges are presently pending

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED as moot.

A copy of this recommendation will be transmitted to Petitioner at his last known address.

Signed this 13th day of September, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.